CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 20 2020

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JEFFREY A. PLEASANT,** | ) | |
| Petitioner | ) | Civil Action No. 7:19-CV-200 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MARK BRECKON, Warden,** | ) | By: Hon. Jackson L. Kiser |
| **United States Penitentiary Lee** | ) | Senior United States District Judge |
| | ) | |
| Respondent | ) | |

Jeffrey A. Pleasant, a federal inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is entitled to appointment of counsel, a hearing, and to be re-sentenced on his underlying federal conviction. This matter is before the court on respondent's motion to dismiss or, in the alternative, for summary judgment. ECF No. 12. Having reviewed the record and the pleadings, the court **GRANTS** respondent's motion to dismiss, or alternatively, for summary judgment, and **DISMISSES** Pleasant's petition.

## I.

Pleasant is in the custody of the Warden of United States Penitentiary Lee. He is serving a total of 622 months of incarceration on multiple convictions stemming from two armed robberies he committed in early 2000. As outlined below, Pleasant has a long history of litigation in the Eastern District of Virginia.

On May 24, 2001, following a jury trial, Pleasant was convicted and sentenced on the following seven counts of a Superseding Indictment: Interference with Commerce by Threats or Violence in violation of 18 U.S.C. § 1951 (Counts One and Four); Possession of a Firearm

During and in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c) (Counts Two, Three, Five, and Six); and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g) (Count Seven). United States v. Pleasant, No. 3:00-cr-0071, 2001 WL 36119678 (E.D. Va. 2001) [see ECF No. 19-1]. The government had filed an information to establish prior convictions under 21 U.S.C. § 851.

The district court sentenced Pleasant to 262 months on Count Seven; 60 consecutive months on merged Counts Two and Three; 300 consecutive months on merged Counts Five and Six; and 240 months each on Counts One and Four, to run concurrently to Count Seven, for a total of 622 months. Id. The terms of imprisonment were to be served consecutively to any state sentence he was serving at that time. Id. Pleasant served 18 years and 6 months in state custody on unrelated offenses before his federal sentence began in 2018.

Pleasant appealed his federal conviction, and the Fourth Circuit Court of Appeals affirmed his conviction and sentences on February 19, 2002. United States v. Pleasant, 31 F. App'x 91 (4th Cir. 2002). On August 7, 2002, Pleasant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion on April 22, 2003. United States v. Pleasant, No. 3:00-cr-0071 [see ECF No. 1-1]. Pleasant appealed and the Fourth Circuit dismissed the appeal on September 8, 2003. United States v. Pleasant, 73 F. App'x 653 (4th Cir. 2003) (per curiam).

Pleasant filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on June 17, 2004. The district court dismissed the petition on March 30, 2005. Pleasant v. True, No. 3:04-cv-429 (E.D. Va. 2005), appeal dismissed, 141 F. App'x 233 (E.D.Va. 2005) (per curiam).

Pleasant filed another § 2255 petition on June 21, 2007 and the district court dismissed it as second or successive. <u>Pleasant</u>, No. 3:00-cr-71, <u>appeal dismissed</u>, 258 F. App'x 613 (4th Cir. 2007) (per curiam). The Fourth Circuit also construed the motion as an application to file a successive § 2255 motion and denied authorization. <u>Pleasant</u>, 258 F. App'x at 614.

On August 24, 2011, Pleasant filed a motion to reconsider the dismissal of his first § 2255 motion under Rule 60(b) of the Federal Rules of Civil Procedure. On May 18, 2013, he filed a document docketed as a "Notice of Hearing and Motion to Remand to State Court." The district court construed both motions as successive § 2255 motions and dismissed them on June 13, 2013. <u>United States v. Pleasant</u>, No. 3:00-cr-71, 2013 WL 12091112 and 2013 WL 2950522 (E.D. Va. 2013), <u>appeal dismissed</u>, 538 F. App'x 341 (E.D. Va. 2013) (per curiam). The Fourth Circuit also construed the Rule 60(b) motion as an application to file a successive § 2255 motion and denied the request. <u>Pleasant</u>, 538 F. App'x at 341.

On October 16, 2012, Pleasant filed a petition under 28 U.S.C. § 2241, which was construed as a successive § 2255 petition and dismissed. <u>Pleasant v. Cuccinelli</u>, No. 3:12-cv-731, 2014 WL 353405 at *1 and n. 2 (E.D. Va. 2014), <u>appeal dismissed</u>, 569 F. App'x 155 (4th Cir. 2014) (per curiam).

Pleasant filed a Rule 60(b) motion on September 23, 2013, alleging that he had newly discovered evidence. The district court construed the motion as a successive § 2255 petition and dismissed it. <u>United States v. Pleasant</u>, No. 3:00-cr-71 (E.D. Va. Apr. 10, 2014), <u>appeal dismissed</u>, 577 F. App'x 164 (4th Cir. 2014) (per curiam). The Fourth Circuit also construed the motion as an application to file a successive § 2255 motion and denied the request.

On March 5, 2014, Pleasant filed a § 2254 habeas petition and the district court dismissed it on November 16, 2014. <u>Pleasant v. Clarke</u>, No. 3:14-cv-144 (E.D. Va. 2014), <u>appeal dismissed</u>, 600 F. App'x. 179 (4th Cir. 2015).

Pleasant filed a § 2241 petition on March 5, 2014 and the district court construed it as a § 2254 petition challenging Pleasant's state court convictions and dismissed it as successive on November 26, 2014. <u>Pleasant v. Clarke</u>, No. 3:14-cv-154, 2014 WL 11512428 (E.D. Va. 2014), <u>appeal dismissed</u>, 599 F. App'x 71 (4th Cir. 2015) (per curiam).

Pleasant filed a Rule 60(b) motion on August 1, 2014 and the court denied it. <u>United States v. Pleasant</u>, No. 3:14-cr-71 (E.D.Va. Oct. 2, 2015), <u>appeal dismissed</u>, 631 F. App'x. 145 (4th Cir. 2016).

On November 11, 2014, Pleasant filed a § 2254 petition which the district court dismissed as frivolous. <u>Pleasant v. Clarke</u>, No. 3:14-cv-783, 2015 WL 13047559 (E.D. Va. 2015), <u>appeal dismissed</u>, 632 F. App'x 139 (4th Cir. 2016) (per curiam).

On November 26, 2014, Pleasant filed a § 2241 petition challenging his state court convictions. The district court construed the motion as a § 2254 motion and dismissed it as successive. <u>Pleasant v. Clarke</u>, No. 3:14-cv-804, 2015 WL 13064909 (E.D. Va. 2015), <u>appeal dismissed</u>, 646 F. App'x 314 (4th Cir. 2016) (per curiam).

Pleasant filed a document labeled "Notice of Removal" on April 8, 2015. The district court construed it as a successive § 2255 motion and dismissed it as frivolous. The district court also entered a pre-filing injunction against Pleasant, prohibiting him from filing any action challenging his state or federal convictions without first meeting certain conditions.

Pleasant v. Clarke, No. 3:15-cv-218, 2015 WL 11110959 (E.D. Va. 2015), aff'd, 620 F. App'x 197 (4th Cir. 2015).

On June 21, 2016, Pleasant filed a § 2241 petition. On September 15, 2016, the district court dismissed it as a frivolous § 2241 petition and also as an unauthorized § 2255 petition. Pleasant v. Pixley, No. 3:16-cv-416 (E.D. Va. 2016), appeal dismissed, 684 F. App'x 274 (4th Cir. 2017) (per curiam).

Pleasant filed a petition under the All Writs Act on June 28, 2016. The district court denied it as a successive, unauthorized § 2255 motion. Pleasant v. United States, No. 3:16-cv-542, 2016 WL 9223877 (E.D. Va. 2016), appeal dismissed, 678 F. App'x 136 (4th Cir. 2017).

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S.Ct. 2551 (2015), holding unconstitutional the residual clause of 18 U.S.C. § 924(e)(2)(B). Pleasant sought authorization to file a successive § 2255 motion in the Fourth Circuit on January 11, 2016. In re: Jeffrey Pleasant, No. 16-112, Doc. 2-1 (4th Cir. Jan. 11, 2016). On January 29, 2016, the Fourth Circuit denied authorization to file. Id. at Doc. 4.

On April 18, 2016, The Supreme Court made Johnson retroactively applicable on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016). On March 3, 2017, Pleasant sought permission in the Fourth Circuit to file a successive § 2255 motion. In re: Jeffrey Pleasant, No. 17-183, Doc. 4 (4th Cir. 2017). On May 23, 2017, the Fourth Circuit granted him leave to file a second or successive § 2255 motion, finding that he had made a prima facie showing that Johnson might apply to his case. The court denied his request for appointment of counsel. Id. at Docs. 12-1 and 12-2 (also filed at ECF No. 158 in Pleasant, 3:00-cr-071).

Pleasant filed his § 2255 motion on June 14, 2017, and the district court denied his Johnson claim as untimely on December 28, 2018, denied another claim he raised as frivolous, and denied the remaining claims for failing to satisfy the standard for successive § 2255 motions. United States v. Pleasant, No. 3:00-cr-71, 2018 WL 6834358 (E.D. Va. 2018), appeal dismissed, 767 Fed. App'x 572 (4th Cir. 2019 May 29, 2019).

## II.

Pleasant filed the instant § 2241 motion on February 28, 2019 and raises nine grounds for relief: (1) his sentence is fundamentally defective; (2) his convictions under 18 U.S.C. § 924(c) are defective because they are premised on a crime of violence that is unconstitutionally vague; (3) he was denied effective assistance of counsel when he first sought relief from the unconstitutional application of the Armed Career Criminal Act ("ACCA") under Johnson; (4) his right to a speedy trial was violated; (5) he was denied effective assistance of counsel because his attorney did not raise the speedy trial issue; (6) his rights under the Interstate Agreement on Detainers Act were violated; (7) he was denied equal protection when he pursued Johnson relief; (8) he is entitled to a retroactive nunc pro tunc order designating the state facilities where he served his state sentence to also be federal facilities for purposes of his federal sentence; and (9) he should not have been prosecuted under the program known as "Project Exile."

## III.

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction, his sentence, or

both, by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.") "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[1]

In United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018), the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)[2] for second or successive motions; and (4) due to this

---

[1]  The court has eliminated internal quotation marks, alterations, footnotes, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

[2]  Section 2255(h) provides that:
    A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. Wheeler, 886 F.3d at 429; see also Lester v. Flournoy, 909 F.3d 708, 712 (4th Cir. 2018) (applying Wheeler).

Similarly, in an earlier case, In re: Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), the Fourth Circuit reached the same conclusion with respect to challenges to convictions and set forth similar factors. Section 2255 is inadequate and ineffective to test the legality of a conviction when (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

The Wheeler court also affirmed that the requirements of the savings clause are jurisdictional. Wheeler, 886 F.3d at 423. Thus, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the Wheeler test for the district court to have subject matter jurisdiction to evaluate the merits of the petitioner's claims. Id. at 426–29. Although the court must apply the procedural standard in Wheeler, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must look to the substantive law of the circuit where a defendant was convicted." Ledezma-Rodriguez v. Brecken, No. 7:18-cv-00268 (JLK),

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).

2019 WL 4644556, at *2 (W. D. Va. Sept. 24, 2019) (quoting Hahn v. Moseley, 931 F.3d 295, 300-01 (4th Cir. 2019)).

Accordingly, in order for Pleasant to bring a claim under the savings clause, he must meet the Jones test if he is challenging his conviction, or the Wheeler test if he is challenging his sentence. Review of Pleasant's claims shows that none of them meets Wheeler's or Jones's requirements for use of the § 2255 savings clause.

**A.**

Pleasant first alleges that his sentence is fundamentally defective. In this broad allegation, he appears to challenge his § 922(g) conviction and sentencing; the sentencing range under the United States Sentencing Guidelines that was applied to him when he was convicted; and his 18 U.S.C. § 924(c) conviction and sentencing. Pleasant's arguments on these claims are not clear, as he combines arguments about constitutionally invalid predicate offenses, sentencing guidelines issues, and Booker.[3] However, Pleasant is proceeding pro se and the court endeavors to construe the claims liberally. See Haines v. Kerner, 404 U.S. 594 (1972) (noting courts should hold pro se pleadings to less stringent standards than formal pleadings drafted by lawyers).

**(1) 18 U.S.C. § 922(g) Conviction**

**(a) Johnson Claim**

In his first ground for relief, Pleasant asserts that his sentence is fundamentally defective because it is the product of an erroneous increase to his then-mandatory sentencing range from 130-160 months, to 262-327 months. When Pleasant was convicted in 2001, a

---

[3] United States v. Booker, 543 U.S. 220 (2005) (holding sentencing guidelines advisory rather than mandatory).

violation of 18 U.S.C. § 922(g) for being a felon in possession of a firearm carried a statutory maximum sentence of ten years. 18 U.S.C. § 924(a)(2) (1998). If a violator had three or more felony convictions for a "serious drug offense" or a "violent felony," however, the ACCA increased his prison term to a minimum of 15 years and a maximum of life. Johnson v. United States, 135 S. Ct. 2551, 2555 (2015) (citing § 924(e)(1)).

In Johnson, the Supreme Court examined 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" for purposes of increasing sentences under the ACCA in part as "burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." The italicized portion of the statute, known as the residual clause, was found to be unconstitutionally vague because it left grave uncertainty about how to estimate the risk posed by a crime and also left uncertainty about how much risk it takes for a crime to qualify as a violent felony. Johnson, 135 S. Ct. at 2558. The Court concluded that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Id. at 2563. In Welch v. United States, 136 S. Ct. 1257, 1264 (2016), the Court held that Johnson announced a new rule of constitutional law made retroactively applicable to cases on collateral review.

As set forth above, Pleasant tried to bring a Johnson claim in January 2016 by seeking authorization from the Fourth Circuit to file a successive § 2255 petition. However, the Fourth Circuit denied authorization without explanation. After the Welch court held that Johnson was retroactively applicable on collateral review, a petitioner wishing to seek relief had until one year after Johnson was decided, or until June 27, 2016, to file a successive § 2255 petition under Johnson. Pleasant sought authorization to file a successive §2255 petition in April 2017,

well outside the statute of limitations period, and although the Fourth Circuit granted the authorization, his petition was nonetheless dismissed by the district court as time-barred.[4]

To the extent Petitioner wishes to challenge his conviction or the mandatory minimum 15-year sentence based on § 922(g) in this § 2241 petition, proceeding under either Wheeler or Jones, neither case permits him to do so. With respect to Wheeler's first requirement, it is clear that at the time of Pleasant's sentencing, circuit or Supreme Court law established the legality of his sentence. In addition, the law changed subsequent to Pleasant's direct appeal and first § 2255 motion to vacate.

However, turning to the third Wheeler requirement, that the petitioner be unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions, Pleasant's challenge fails. Wheeler and Jones both involved statutory, not constitutional, decisions. See Wheeler, 886 F.3d at 430 (noting that petitioner was "unable to satisfy the requirements of § 2255(h)(2) because Simmons[5] was a statutory decision . . ."); id. at 427 ("Unable to file a second or successive § 2255 motion because Bailey was a statutory (not a constitutional) decision, Jones attempted to file a § 2241 claim for relief by using the savings clause portal." (citing Jones, 226 F.3d at 329-30); see also Lester, 909 F.3d at 712 (noting that petitioner could

---

[4] The first time he sought permission, the Supreme Court had recently granted certiorari to consider whether Johnson was retroactively applicable on collateral review. Welch v. United States, No. 15-6418 (Jan. 8, 2016). Nevertheless, rather than hold Pleasant's motion in abeyance pending resolution of Welch, the Fourth Circuit denied the motion. Compare Lester, 909 F.3d at 710 (noting that Lester's case was held in abeyance from 2013 to 2018 while the Fourth Circuit decided "three potentially relevant cases").

[5] In Wheeler, the petitioner sought relief based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which changed the way courts consider prior offenses for purposes of sentence enhancements.

not meet § 2255(h)'s gatekeeping provisions because the case on which his claim was based was a "decision of statutory interpretation, not constitutional law").

By contrast, <u>Johnson</u> was a constitutional decision. <u>See</u> <u>Johnson</u>, 135 S. Ct. at 2557 (describing residual clause as "unconstitutionally vague"); <u>id.</u> at 2563 (holding that imposing increased sentence under residual clause of ACCA "violates the Constitution's guarantee of due process). Therefore, because Pleasant's claim falls within the parameters of § 2255(h)(2) as a "new rule of constitutional law," he is unable to satisfy <u>Wheeler'</u>s third requirement. Accordingly, Pleasant may not rely on § 2255(e)'s savings clause to bring his <u>Johnson</u> claim under § 2241. <u>See</u> <u>Cook v. Warden, USP Lee County</u>, No. 7:18-cv-00311-GEC, 2019 WL 6221300, at *3 (W.D. Va. Nov. 21, 2019) (noting that all four <u>Wheeler</u> requirements must be satisfied, and petitioner failed to satisfy one of the four).

The court recognizes that Pleasant twice sought permission from the Fourth Circuit to file a successive § 2255 petition based on <u>Johnson</u>. However, neither the fact that Pleasant sought and was denied authorization to file a successive § 2255 petition, nor the fact that his second Johnson petitioner was time-barred, means that § 2255 is inadequate or ineffective. <u>See</u> <u>Jones</u>, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); <u>Vial</u>, 115 F.3d at 1194 n.5. <u>See</u> <u>also</u> <u>Rice v. Rivera</u> 617 F.3d 802, 807 (4th Cir. 2010) ("If . . . the prisoner had an unobstructed procedural shot at filing a §2255 motion to take advantage of [a change in applicable law], a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.")

Accordingly, because Pleasant cannot satisfy the third prong of <u>Wheeler</u>, this court lacks jurisdiction to consider his claim that he is entitled to relief under <u>Johnson</u>. Therefore, Pleasant's claim for relief based on <u>Johnson</u> is will be dismissed.

**(b) Guidelines Claim**

Pleasant also argues that he was deemed an Armed Career Criminal under U.S.S.G. § 4B1.1 (the career offender designation) and purports to bring a claim related to that designation. However, the PSR noted that he qualified for an enhanced sentence, under both the Armed Career Criminal provision, U.S.S.G. § 4B1.4, and the career offender provision, U.S.S.G. § 4B1.1, in the sentencing guidelines. Because the Armed Career Criminal provision, U.S.S.G. § 4B1.4, resulted in a higher offense level, that enhancement was used in determining his guidelines range, giving him a total offense level of 34. (PSR ¶ 47, Worksheet D [ECF No. 13-1 at 21, 42].)

Based on a total offense level of 34 and a criminal history category of VI, Pleasant's guideline sentencing range was 262 to 327 months. He was sentenced to 262 months on the § 922(g) count. (PSR Worksheet D [ECF No. 13-1 at 42].)

Although Pleasant cites the wrong provision of the sentencing guidelines, the court reads his petition as an argument that convictions under the Virginia burglary statute no longer support an ACCA enhancement for purposes of U.S.S.G. § 4B1.4, and therefore his sentence was improperly enhanced based on his underlying burglary convictions. See <u>Joyner v. United States</u>, 263 F. Supp. 3d 629, 631 E.D. Va. 2017) (citing <u>United States v. Castendet-Lewis</u>, 855 F.3d 253 (4th Cir. 2017) (finding that petitioner's prior Virginia statutory burglary convictions no longer supported an ACCA enhancement under U.S.S.G. § 4B1.4).

However, Pleasant cannot bring this claim in a § 2241 petition because it does not satisfy the second prong of <u>Wheeler</u>, that subsequent to the prisoner's direct appeal and first § 2255 motion, settled substantive law changed and was deemed to apply retroactively on collateral review. <u>Wheeler</u>, 886 F.3d at 423.

In <u>Castendet-Lewis</u>, the Fourth Circuit looked at <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), and <u>Descamps v. United States</u>, 570 U.S. 254 (2013), to find that the Virginia burglary statute was broader than the federal crime of generic burglary and thus could not be used as an aggravated felony for purposes of immigration law. <u>Castendet-Lewis</u>, 855 F.3d at 260-261. The court in <u>Joyner</u> relied on <u>Castendet-Lewis</u> and <u>Mathis</u> to find that convictions under the Virginia burglary statute cannot support an enhancement under the ACCA. <u>Joyner</u>, 263 F. Supp. 3d at 631.

However, Pleasant has pointed to no case, and I have found none, where <u>Castendet-Lewis</u> was made retroactively applicable on collateral review. Moreover, <u>Castendet-Lewis</u> relied on <u>Mathis</u> and <u>Descamps</u> and neither of those cases announced retroactively applicable substantive changes in the law. <u>See</u> <u>Mathis</u>, 136 S. Ct. at 2257 ("Our precedents make this a straight-forward case."); <u>Descamps</u>, 570 U.S. at 260 (noting that the Court's prior case law explaining the categorical approach "all but resolves this case"). In <u>Brooks v. Bragg</u>, 735 F. App'x 108 (4th Cir. 2018) (per curiam), the Fourth Circuit relied on the fact that <u>Mathis</u> and <u>Descamps</u> did not announce substantive changes in new law retroactively applicable on collateral review to reject a petitioner's § 2241 claim. "Because Brooks' § 2241 petition does not rely on a retroactively applicable change in substantive law subsequent to his direct appeal and first § 2255 motion, he cannot satisfy the requirements of <u>Wheeler</u>." <u>Brooks</u>, 735 F. App'x

at 109. See also Copeland v. Kassell, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming district court's dismissal of § 2241 petition based on Mathis because Mathis was not deemed retroactively applicable on collateral review).

The court concludes that it lacks jurisdiction to consider Pleasant's § 2241 claim challenging his guidelines sentence based on the ACCA because the claim does not satisfy the second prong of Wheeler. Therefore, this claim will likewise be dismissed.

**(c) Booker Claim**

Pleasant also makes a passing reference to Booker, when he states that at the time he was sentenced, "courts had no discretion over sentences and the ACCA was mandatory as he was designated under the ACCA's residual clause." [ECF No. 1 at 32.] Booker held that, in order to avoid a constitutional violation, the sentencing guidelines are advisory rather than mandatory. Booker, 543 U.S. at 226. Nevertheless, to the extent Pleasant seeks a reduction in his sentence, he cannot do so because Booker does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65, 66-67 (4th Cir. 2005).

**(2) 18 U.S.C. § 924(c) Convictions**

In Pleasant's second ground for relief, he asserts that his convictions under 18 U.S.C. § 924(c) should be vacated because they are based on a definition of violence that is constitutionally vague. It is presumed that Pleasant is referring to the Fourth Circuit's decision in United States v. Simms, 914 F.3d 229 (4th Cir. 2019), and the United States Supreme Court decision in United States v. Davis, 139 S. Ct. 2319 (2019), both of which found § 924(c)(3)(B) unconstitutionally vague.

Under 18 U.S.C. § 924(c)(1), a person who, during and in relation to any crime of violence or drug trafficking crime, possesses, uses, or carries a firearm, is subject to additional penalties. Pleasant was found guilty under the statute of possession of a firearm during a crime of violence, which subjected him to a mandatory term of imprisonment of not less than five years, and a second mandatory term of imprisonment of not less than 25 years. 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(C)(i). See also PSR at ¶ 74 [ECF No. 13-1 at 26].

"Crime of violence" is defined at 18 U.S.C. § 924(c)(3):

For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Clause (A) is known as the force, or elements clause, and Clause (B) is known as the residual clause. On June 24, 2019, the Supreme Court found the residual clause unconstitutionally vague. Davis, 139 S. Ct. at 2323-2336.

If Pleasant wants to challenge his § 924(c) convictions based on Davis, he cannot do so via this § 2241 petition for the same reason he could not bring his Johnson claim. Any claim brought under Davis is relying on a new rule of constitutional law, rather than statutory construction, which means that it cannot satisfy the third prong of Jones. Thus, because the claim falls within the parameters of § 2255(h)(2), Pleasant may not rely on § 2255(e)'s savings

clause to bring his claim under § 2241. Accordingly, this court does not have jurisdiction to hear this claim, and it will be dismissed.[6]

## B. Ineffective Assistance of Counsel

In his third ground for relief, Pleasant asserts that he was denied effective assistance of counsel when he sought relief under Johnson. On August 3, 2015, the United States District Court for the Western District of Virginia issued a standing order for the Federal Public Defender Office to represent any defendant sentenced in the Western District who might qualify for relief under Johnson. Pleasant argues that, although he was convicted in the Eastern District of Virginia, "the same applied" to him. [ECF No. 1 at 34.] However, he cites no authority to support his argument.

In any event, Pleasant tried to seek assistance from the Federal Public Defender Office in the Western District of Virginia and later, in the Eastern District of Virginia. The Western District of Virginia office was unable to help him because he was convicted in the Eastern District. [ECF No. 1-1 at 1-3.] The Eastern District of Virginia office was unable to help him because the deadline for seeking Johnson relief had passed and because he had previously raised a Johnson claim that was denied. [Id. at 4-8.]

Pleasant asserts that the lack of counsel prejudiced his ability to seek relief under Johnson. While that may be true, prisoners do not have a constitutional right to representation in habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right

---

[6] The government also argues that Pleasant's claim based on § 924(c) fails on the merits as well. Pleasant's underlying conviction was for Hobbs Act robbery, which qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), rather than § 924(c)(3)(B), and was not affected by the Davis decision. See United States v. Mathis, 932 F.3d 242, 265 (4th Cir. 2019) ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).") However, because the court finds that it does not have jurisdiction to hear this claim, it declines to consider the merits of the claim.

to appointed counsel extends to the first appeal of right, and no further."). In addition, even if he had a constitutional right to an attorney to file a § 2255 motion, his claim does not satisfy the second prong of <u>Wheeler</u> or <u>Jones</u> for bringing a § 2241 case under the savings clause because he has not shown that, subsequent to his direct appeal and first § 2255 motion, substantive law changed and was deemed to apply retroactively on collateral review. Nor does the claim satisfy the third prong of <u>Wheeler</u> or <u>Jones</u>, because any the relief he seeks is constitutional, rather than statutory. Accordingly, Pleasant's ineffective assistance of counsel claim is will be dismissed.

### C. Speedy Trial

In his fourth and fifth grounds for relief, Pleasant argues that, based on newly discovered evidence, his right to a speedy trial was violated; he also contends he received ineffective assistance of counsel because his trial attorney did not argue that his speedy trial rights were violated. Pleasant raised a speedy trial claim in his first § 2255 motion and the court denied it. <u>Pleasant</u>, No. 3:00-cr-71 [<u>see</u> ECF No. 1-1 at 9-25]. The court found that Pleasant did not suffer undue delay; that the federal court was "waiting its turn" while state pending charges resolved; that Pleasant did not invoke his right to a speedy trial and instead, his counsel agreed to a two-month delay so that he could pursue challenges to the indictment; and that Pleasant did not suffer prejudice. <u>Id.</u> at 15-18 (citing <u>United States v. Hopkins</u>, 301 F.3d 145, 150 (4th Cir. 2003), and <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972)).

Pleasant claims that, at the time he filed the § 2255 petition, he did not have evidence showing that he was not charged in state court on the two robberies that occurred on January 24, 2000, to which the district court attributed some delay. However, even assuming this is

true, and that Pleasant is arguing that the federal government did not have to wait for pending state trial charges to resolve, it does not change any of the other factors that weighed against finding he had suffered a violation of his right to a speedy trial. Nor does it offer any support for his ineffective assistance of counsel claim. And finally, neither of these two claims meet the second or third prongs of <u>Wheeler</u> or <u>Jones</u> for filing a § 2241 motion under the savings clause in § 2255. Therefore, Pleasant's speedy trial claim and his related ineffective assistance of counsel claim will be dismissed.

### D. Interstate Agreement on Detainers Act

Pleasant claimed in his first § 2255 petition that his rights under the Interstate Agreement on Detainers Act were violated. The trial court found that he was not entitled to relief. <u>Pleasant</u>, No. 3:00-cr-71 (attached herein at ECF No. 1-1 at 5-6). This court cannot consider the claim because it fails to meet the second prong of <u>Wheeler</u> or <u>Jones</u> and therefore, it will be dismissed.

### E. Equal Protection

Pleasant claims that his right to equal protection was violated because he was not allowed to bring a <u>Johnson</u> claim while others in his same circumstances were allowed to do so. The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike by the government. <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 439-41 (1985). To establish a violation of the Equal Protection Clause, a plaintiff must show that he has been treated differently from others who are similarly situated and that the unequal treatment was intentional or purposeful. If a plaintiff makes such a

showing, the court then determines whether the disparity in treatment can be justified under the requisite level of scrutiny. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

As discussed above, at the time Pleasant first sought relief under Johnson, the Supreme Court had not yet made the decision retroactively applicable on collateral review and the Fourth Circuit denied permission to file a successive § 2255 motion. The second time he sought relief, the Fourth Circuit granted permission to file a successive § 2255 motion, but the district court dismissed his claim as untimely.

Pleasant argues that he is being treated differently than two petitioners whose Johnson claims were reviewed on the merits. However, a review of the docket in both cases shows that the motions were made after Welch was decided, but before the one-year Johnson limitations period ran on June 27, 2016. See In re: Foster, No. 16-9126 (4th Cir. June 7, 2016); In re: Grogans, No. 16-9582 (4th Cir. June 24, 2016). Thus Pleasant, whose claim was filed late, was not similarly situated to Foster or Grogans.

Finally, Pleasant has not shown that he can meet either the second or third prong of Wheeler. Therefore, this claim is will be dismissed for lack of jurisdiction.

### F. Nunc Pro Tunc Designation

Pleasant seeks a nunc pro tunc designation that the state prison facility where he served his state court sentences be deemed a facility in which he served the first 18 years and 6 months of his 622-month federal sentence. Such a retroactive designation would effectively cause Pleasant's federal sentence to run concurrent to his completed state sentence, thus reducing the time of his federal sentence.

This court does not have authority to provide Pleasant with the relief he seeks. After a district court sentences a federal offender, the Attorney General, through the Bureau of Prisons ("BOP"), has the responsibility of administering the sentence. See 18 U.S.C. § 3621(a); United States v. Wilson, 503 U.S. 329, 335 (1992). If Pleasant wants the BOP to retroactively designate his state facility as a federal facility for purposes of his federal sentence, he must first ask the BOP to make the designation and then pursue the request administratively. Hardin v. United States, No. 7:00-CR-314-GRA-2, 2012 WL 3945314, *4 (D.S.C. 2012). After he has exhausted his administrative remedies, if he has not received the relief he seeks, he may file a habeas action. Id.

Pleasant stated that, while he was in state custody, he wrote a letter to the BOP asking that his state facility be designated as a place to serve his federal sentence, but received no response. Such a letter was insufficient to exhaust his administrative remedies. See 20 C.F.R. § 542.10 et seq. (setting forth administrative remedies for BOP inmates). Therefore, Pleasant's request of a nunc pro tunc designation will be dismissed without prejudice for failure to exhaust administrative remedies.[7]

### G. "Project Exile" Claim

"Project Exile" was a joint federal-state law enforcement initiative that had the goal of reducing violent crime by federally prosecuting firearm-related crimes in the Richmond, Virginia, area whenever possible. United States v. Venable, 666 F.3d 893, 897 (4th Cir. 2012). Local law enforcement officers were encouraged to contact federal law enforcement officers

---

[7] The court offers no opinion on the merits of such a claim, but notes that the judgment in Pleasant's case ordered his federal sentence to run consecutively to his state sentence. ECF No. 67 in Pleasant, 2001 WL 36119678 (E.D. Va. 2001) (attached herein at ECF No. 19-1 in the instant case).

when they encountered a gun in performing their duties. If it was determined that a federal law had been violated, the Commonwealth Attorney's office would refer the case to the United States Attorney's Office for review. If the United States Attorney's Office obtained an indictment charging a defendant with federal firearm-related crimes, the Richmond Commonwealth Attorney would drop the state charges and the case would proceed in federal court. Id. at 897-898.

Pleasant was prosecuted under "Project Exile." He argues that because he was not charged with violating Virginia state laws, he should not have been federally prosecuted under "Project Exile" and that his federal conviction is void. He has raised this claim a number of times, including in his first § 2255 motion where the court dismissed it, finding that Pleasant had failed to demonstrate how his rights were violated by his prosecution and conviction in federal rather than state court. Pleasant, No. 3:00-cr-71 (attached herein at ECF No. 1-1 at 22).

Pleasant has not shown a substantive change in law made retroactive on collateral review that would affect his conviction under the "Project Exile" program. Accordingly, he cannot bring this claim under either Wheeler or Jones, and it is dismissed.

**IV.**

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over Pleasant's petition. Accordingly, the court will grant **the** respondent's motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 12] and will dismiss Pleasant's petition without prejudice. All remaining motions will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Pleasant and all counsel of record.

**ENTERED** this 20th day of March, 2020.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE