CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 2 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|  |  |  |
|---|---|---|
| **JEFFREY A. PLEASANT,** | ) | |
| Petitioner | ) | **Civil Action No. 7:19-CV-200** |
| | ) | |
| v. | ) | |
| | ) | |
| **MARK BRECKON, Warden,** | ) | **By: Michael F. Urbanski** |
| **United States Penitentiary Lee,** | ) | **Chief United States District Judge** |
| | ) | |
| Respondent | ) | |

## MEMORANDUM OPINION

Jeffrey A. Pleasant, a federal inmate proceeding pro se, filed motions to alter or amend

a judgment entered against him or, alternatively for reconsideration of an order denying his

petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2241. ECF Nos. 28, 29.[1] Also

pending is Pleasant's request for appointment of counsel. ECF No. 33. Having reviewed the

record and the pleadings, the court **DENIES** the motions.

## I. Procedural Background

Pleasant is in the custody of the Warden of United States Penitentiary Lee. Following

commission of two armed bank robberies in early 2000, Pleasant was convicted in the Eastern

District of Virginia on two counts of Interference with Commerce by Threats or Violence in

violation of 18 U.S.C. § 1951; four counts of Possession of a Firearm During and in

Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c); and Possession of a

Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g). United States v. Pleasant, No.

---

[1] Pleasant also filed a notice of appeal with the Fourth Circuit Court of Appeals at the same time he filed the
pending motions. ECF No. 30. The Fourth Circuit sent notice to the Clerk of Court that it would treat the
notice of appeal as being filed on the date this court disposes of the pending motions. ECF No. 32.

3:00-cr-0071, 2001 WL 36119678 (E.D. Va. 2001) (attached herein at ECF No. 19-1). The government had filed an information to establish prior convictions under 21 U.S.C. § 851. Pleasant was sentenced to a total of 622 months of incarceration.[2]

Pleasant filed his § 2241 petition on February 28, 2019 and raised nine grounds for relief: (1) his sentence was fundamentally defective; (2) his convictions under 18 U.S.C. § 924(c) were defective because they were premised on a definition of crime of violence that is unconstitutionally vague; (3) he was denied effective assistance of counsel when he first sought relief from the unconstitutional application of the Armed Career Criminal Act ("ACCA") under Johnson;[3] (4) his right to a speedy trial was violated; (5) he was denied effective assistance of counsel because his attorney did not raise the speedy trial issue; (6) his rights under the Interstate Agreement on Detainers Act were violated; (7) he was denied equal protection when he pursued Johnson relief; (8) he is entitled to a retroactive nunc pro tunc order designating the state facilities where he served his state sentence to also be federal facilities for purposes of his federal sentence; and (9) he should not have been prosecuted under the program known as "Project Exile." ECF No. 1.

Because Pleasant sought to challenge his conviction and sentence under 28 U.S.C. § 2241 in this court, rather than via a 28 U.S.C. § 2255 petition in the court where he was convicted, the court examined all of his claims in the context of the savings clause set out in 28 U.S.C. § 2255(e). In particular, the court compared Pleasant's challenges to his conviction

---

[2] In the memorandum opinion filed on March 20, 2020, ECF No. 26, the court set out Pleasant's long history of litigation in the Eastern District of Virginia and will not repeat it here.
[3] Johnson v. United States, 576 U.S. 591 (2015).

and sentence to the criteria for bringing a § 2241 petition set forth in <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. 2018) and <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000).

In <u>Wheeler</u>, the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions;[4] and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. <u>Wheeler</u>, 886 F.3d at 429; <u>see also</u> <u>Lester v. Flournoy</u>, 909 F.3d 708, 712 (4th Cir. 2018) (applying <u>Wheeler</u>).

Similarly, in <u>Jones</u>, 226 F.3d 328 at 333-34, the Fourth Circuit had reached the same conclusion with respect to challenges to convictions (as opposed to sentences) and set forth similar factors. Section 2255 is inadequate and ineffective to test the legality of a conviction when (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255

---

[4] Section 2255(h) provides the following:
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

The Wheeler court affirmed that the requirements of the savings clause are jurisdictional. Wheeler, 886 F.3d at 423. Thus, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the Wheeler test for the district court to have subject matter jurisdiction to evaluate the merits of the petitioner's claims. Id. at 426–29.

## II. Motion to Alter or Amend[5]

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days of its entry. "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." Banister v. Davis, 140 S.Ct. 1698, 1703 (2020) (quoting White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982)). Courts interpreting Rule 59(e) recognize three grounds for amending an earlier judgement: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Courts do not address new arguments or evidence that the moving party could have raised before the decision issued. Banister, 140 S.Ct. at 1706.

---

[5] Pleasant filed two motions asking the court to review its judgment. The first he titled "Motion for Reconsideration And/Or to Alter or Amend Judgement" and he cites Rule 59(e). ECF No. 28. He titled his accompanying brief "Objections to the Memorandum Opinion." ECF No. 28-1. The second motion he titled "Motion to Alter or Amend Judgement or Alternatively for Reconsideration Pursuant to Rule 59(e.)" The court will address these motions collectively as motions brought under Rule 59(e).

### III. Grounds Raised

#### A. Failure to Appoint Counsel and Hold a Hearing

#### (1) Appointment of Counsel

Pleasant has asked for appointment of counsel previously in this case and his requests have been denied. See ECF Nos. 8, 9, 10, 15, 17, 22, 23. He also has a pending request for appointment of counsel. ECF No. 33. He argues that the court should appoint counsel for him because he is incarcerated and subject to lockdowns for up to thirty days at a time without access to the prison law library, which places him at a grave disadvantage in arguing his case.

It is well settled that there is no constitutional right to appointment of counsel in a habeas case. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). However, a court may appoint counsel in a § 2241 proceeding when the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(b). Generally, habeas petitioners are provided counsel only in "exceptional circumstances." Brecht v. Rickard, No. 1:19-cv-00054, 2019 WL 8329734 at *4 (S.D.W.V. Aug. 8, 2019). When considering a request for appointment of counsel, courts look at the type and complexity of the case, the ability of the petitioner to investigate and present his claim, the likelihood of success on the merits of the claim, and the apparent need for an evidentiary hearing in order to resolve the case. Id. (citations omitted).

In Pleasant's case, the court notes that while the interplay of §§ 2241 and 2255 can be confusing, recent case law on whether a petitioner can bring the type of claims Pleasant seeks to bring via § 2241 makes clear that he is not entitled to the relief he seeks. Thus, the case is not so complex that it warrants appointment of counsel. The court further finds that Pleasant has adequately presented his claims, which also weighs against appointment of counsel.

Regarding the likelihood of success on the merits, the court previously found that Pleasant is not entitled to relief on the merits of his claims and as discussed below, the points he raises in his motion for reconsideration do not change the court's opinion. Finally, as set forth below, Pleasant's allegations do not warrant an evidentiary hearing. For these reasons, the court finds that its prior decisions to deny counsel to Pleasant on his § 2241 petition are supported by authority and the court **DENIES** his pending motion to appoint counsel.

### (2) Evidentiary Hearing

To obtain an evidentiary hearing, a habeas petitioner must rely on more than merely plausible inferences that there is a factual basis for his claim for relief. Jones v. Polk, 401 F.3d 257, 269-70 (4th Cir. 2005). He must allege facts which, if true, would entitle him to relief, and it is not sufficient to assert that claims are undeveloped and that further facts could be brought out at an evidentiary hearing. Id. at 269. When a court resolves a habeas petition without conducting an evidentiary hearing, the proceeding is similar to a motion for summary judgment and the facts are considered in the light most favorable to the movant. United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007).

In Pleasant's case, the issue is whether he can challenge his conviction and sentence via a § 2241 petition in this court rather than via a § 2255 petition in the sentencing court, which is a legal determination that does not depend on the resolution of factual issues. In arguing that the court should have held an evidentiary hearing, Pleasant does not describe any facts which would be brought out in a hearing, but rather argues that if the court granted his request for a hearing, counsel would be appointed and he would be better able to present his grounds

6

for relief to the court. The court does not find that an evidentiary hearing is warranted in this case and therefore **DENIES** Pleasant's request for an evidentiary hearing.

### B. Objection to Finding on 18 U.S.C. §§ 922(g) and 924(c) Convictions and Johnson Claim

In its earlier decision, the court found that Pleasant could not challenge his convictions under 18 U.S.C. §§ 922(g) and 924(c) in his § 2241 petition because he could not meet the third Wheeler requirement, that he be unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions. Wheeler and Jones both involved statutory, not constitutional, decisions. See Wheeler, 886 F.3d at 430 (noting that petitioner was "unable to satisfy the requirements of § 2255(h)(2) because Simmons[6] was a statutory decision . . ."); id. at 426-27 ("Unable to file a second or successive § 2255 motion because Bailey was a statutory (not a constitutional) decision, Jones attempted to file a § 2241 claim for relief by using the savings clause portal.") (citing Jones, 226 F.3d at 329-30); see also Lester, 909 F.3d at 712 (noting that petitioner could not meet § 2255(h)'s gatekeeping provisions because the case on which his claim was based was a "decision of statutory interpretation, not constitutional law").

Pleasant sought to challenge his §§ 922 and 924(c) convictions under Johnson, which was a constitutional decision. See Johnson, 576 U.S. at 597 (describing residual clause as "unconstitutionally vague"); id. at 2563 (holding that imposing increased sentence under residual clause of ACCA "violates the Constitution's guarantee of due process"). Therefore,

---

[6] In Wheeler, the petitioner sought relief based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which changed the way courts consider prior offenses for purposes of sentence enhancements.

the court found that because Pleasant's claim fell within the parameters of § 2255(h)(2) as a "new rule of constitutional law," he was unable to satisfy <u>Wheeler</u>'s third requirement. Accordingly, the court determined that Pleasant could not rely on § 2255(e)'s savings clause to bring his <u>Johnson</u> claim under § 2241.

Pleasant objects that the court's reasoning makes no sense. The court acknowledges that the law describing when a petitioner can bring a § 2241 petition under the savings clause of § 2255 is confusing, but at its heart, the rule requires that a petitioner can only avail himself of the savings clause when he cannot otherwise avail himself of relief under § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u>

28 U.S.C. § 2255(e) (emphasis added). In Pleasant's case, he can, in theory, avail himself of relief under § 2255(h)(2),[7] because he wants to challenge the constitutionality of his convictions under § 922(g) and § 924(c).

It may add to Pleasant's confusion that he has twice sought and been denied permission from the Fourth Circuit to file a successive § 2255 petition based on <u>Johnson</u>. However, neither the fact that he sought and was denied authorization to file a successive § 2255 petition, nor the fact that his second <u>Johnson</u> petition was time-barred, means that § 2255 is inadequate or ineffective. <u>See</u> <u>Jones</u>, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.");

---

[7] <u>See</u> 28 U.S.C. § 2255(h)(2), <u>supra</u> note 4.

In re Vial, 115 F.3d 1192, 1194 n. 5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion."); see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("If . . . the prisoner had an unobstructed procedural shot at filing a §2255 motion to take advantage of [a change in applicable law], a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.") Thus, because Pleasant seeks to challenge his sentence based on a constitutional claim as set out in Johnson, he cannot do so via a § 2241 petition in this court, but can only do so by seeking permission from the Fourth Circuit Court of Appeals to file a second or successive § 2255 petition in the sentencing court.

Pleasant also asserts that, based on the Fourth Circuit opinion in Braswell v. Smith, 952 F.3d 441 (4th Cir. 2020), the court should reconsider its earlier opinion dismissing his Johnson claim. In Braswell, the petitioner filed a § 2241 petition seeking relief under the savings clause of § 2255(e) based on changes to the definition of "felony drug offense" brought about by the Fourth Circuit opinion in United States v. Simmons, 649 F.3d 237, 239 (4th Cir. 2011). Braswell sought relief based on Simmons, but at the time he filed his § 2255 petition, Simmons had not been made retroactively applicable on collateral review and the district court dismissed his petition on that ground, among others. Braswell, 952 F.3d at 445-46. Six months later, the Fourth Circuit held that Simmons was retroactively applicable on collateral review. Id. at 446; Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013). Braswell filed another § 2255 petition based on Simmons, but the district court denied it because Braswell did not seek

9

permission from the Fourth Circuit Court of Appeals to file a second or successive petition. Braswell, 952 F.3d at 446.

After Wheeler was decided, Braswell filed a § 2241 petition seeking relief under Simmons. The district court dismissed the petition, concluding that Braswell could not meet the second prong of Wheeler to qualify for the savings clause because Wheeler required that both the change in substantive law and the decision making the change retroactive had to occur after the petitioner's first § 2255 petition and Braswell had filed his first § 2255 petition between the time Simmons was decided and when it was made retroactive on collateral review. The court concluded that because the substantive law had changed before Braswell filed his § 2255 motion, he could not satisfy the second prong of Wheeler. Id.

On appeal, the Fourth Circuit reversed and remanded, finding that although prong two of the Wheeler test could be read literally to require that the change in settled law and the retroactivity determination must both have occurred after the filing of the first § 2255 motion, "the Wheeler test should not be interpreted rigidly." Braswell, 952 F.3d at 447- 48. The court reasoned that the change in settled substantive law and the retroactivity determination work together. In Braswell's case, because the retroactivity determination occurred after the first chance he had to invoke the change in settled law in his § 2255 petition, the petition remained inadequate or ineffective to test the legality of his detention. Id. at 448. The court concluded that Braswell, like Wheeler, presented an exceptional circumstance, because at the time of his first § 2255 motion, Simmons was inaccessible to him, and if the court found that relief was foreclosed, the court essentially would be punishing Braswell for being too diligent or for submitting his petition to an efficient court. Id. at 449-450.

There is some similarity between <u>Braswell</u> and the instant case, namely that Pleasant filed his § 2255 motion in the sentencing court after the opinion in <u>Johnson</u> was issued but before it was made retroactive. However, a significant and dispositive difference in the case is that Braswell met the third prong of <u>Wheeler</u> because he was invoking <u>Simmons</u>, which involved a statutory change rather than a new rule of constitutional law made retroactive by the Supreme Court on collateral review. <u>Braswell</u>, 952 F.3d at 450. Therefore, Braswell could not ask the Fourth Circuit for permission to file a second or successive motion under § 2255(h)(2).

Pleasant, on the other hand, is challenging the constitutionality of his sentence under <u>Johnson</u>, and as such, can theoretically avail himself of the gatekeeping provision of § 2255(h)(2). Because he is not foreclosed from seeking that relief, he does not meet the third prong of <u>Wheeler</u>. Accordingly, <u>Braswell</u> does not change the court's earlier decision to dismiss Pleasant's claims based on <u>Johnson</u>.

## C. Objection to Finding on Guidelines Claim

In his § 2241 petition, Pleasant argued that he was incorrectly deemed an Armed Career Criminal under U.S.S.G. § 4B1.1 (the career offender designation) and he brought a claim related to that designation. However, the PSR noted that he qualified for an enhanced sentence under both the Armed Career Criminal provision, U.S.S.G. § 4B1.4, and the career offender provision, U.S.S.G. § 4B1.1, of the sentencing guidelines. Because the Armed Career Criminal provision, U.S.S.G. § 4B1.4, resulted in a higher offense level, that enhancement was used in determining his guidelines range, giving him a total offense level of 34. PSR ¶ 47, Worksheet D, ECF No. 13-1 at 21, 42. Based on a total offense level of 34 and a criminal history category

of VI, Pleasant's guideline sentencing range was 262 to 327 months. He was sentenced to 262 months on the § 922(g) count. PSR Worksheet D, ECF No. 13-1 at 42.

Pleasant argued that convictions under the Virginia burglary statute no longer support an ACCA enhancement for purposes of U.S.S.G. § 4B1.1, and therefore his sentence was improperly enhanced based on his underlying burglary convictions. See Joyner v. United States, 263 F.Supp.3d 629 (E.D. Va. 2017) (citing United States v. Castendet-Lewis, 855 F.3d 253 (4th Cir. 2017)) (finding that petitioner's prior Virginia statutory burglary convictions no longer supported an ACCA enhancement under U.S.S.G. § 4B1.4).

The court found that Pleasant cited the wrong provision of the sentencing guidelines, but nevertheless read his petition as an argument that convictions under the Virginia burglary statute no longer support an ACCA enhancement for purposes of U.S.S.G. § 4B1.4, and therefore his sentence was improperly enhanced based on his underlying burglary convictions. The court denied the claim, finding that Pleasant could not bring it in a § 2241 petition because it does not satisfy the second prong of Wheeler, that subsequent to the prisoner's direct appeal and first § 2255 motion, settled substantive law changed and was deemed to apply retroactively on collateral review. Wheeler, 886 F.3d at 423.[8]

---

[8] In Castendet-Lewis, the Fourth Circuit looked at Mathis v. United States, 136 S.Ct. 2243 (2016), and Descamps v. United States, 570 U.S. 254 (2013), to find that the Virginia burglary statute was broader than the federal crime of generic burglary and thus could not be used as an aggravated felony for purposes of immigration law. Castendet-Lewis, 855 F.3d at 260-261. The court in Joyner relied on Castendet-Lewis and Mathis to find that convictions under the Virginia burglary statute cannot support an enhancement under the ACCA. Joyner, 263 F.Supp.3d at 631. However, Castendet-Lewis has not been made retroactively applicable on collateral review and it relied on Mathis and Descamps, neither of which announced retroactively applicable substantive changes in the law. See Mathis, 136 S.Ct. at 2257 ("Our precedents make this a straight-forward case."); Descamps, 570 U.S. at 260 (noting that the Court's prior case law explaining the categorical approach "all but resolves this case"). See Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018) (per curiam) (relying on the fact that Mathis and Descamps did not announce substantive changes in new retroactively applicable on collateral review to reject a petitioner's § 2241 claim brought under Wheeler); see also Copeland v. Kassell, 733 F. App'x 717 (4th

12

In his motion for reconsideration, Pleasant asserts that the government argued that he was barred by the third (rather than second) prong of <u>Wheeler</u> from asserting this claim and that the court created a controversy with its decision that conflicts with the parties' positions. A review of the government's position on Pleasant's guidelines challenge shows that it argued that Pleasant's status as an Armed Career Criminal under U.S.S.G. §§ 4B1.4(b)(3)(A) and 4B1.4(c)(2) and the corresponding guidelines provided an adequate and independent ground for his 262-month sentence on Count 7 and that his career offender status was simply irrelevant to the calculation of his guidelines and sentence on Count 7.

Pleasant is correct that the court approached his argument that he was entitled to relief from a different position than that of the government. However, he does not challenge the court's conclusion that it lacks jurisdiction under the second prong of <u>Wheeler</u> and the court finds no reason to depart from that finding. Thus, there is no ground under Rule 59(e) for the court to alter its determination that Pleasant is not entitled to relief on his guidelines claim.

### D. <u>Booker</u> Claim

In his § 2241 petition, Pleasant made a passing reference to <u>United States v. Booker</u>, 542 U.S. 220 (2005), when he stated that at the time he was sentenced, "courts had no discretion over sentences and the ACCA was mandatory as he was designated under the ACCA's residual clause." ECF No. 1 at 32. <u>Booker</u> held that in order to avoid a constitutional violation, the sentencing guidelines are advisory rather than mandatory. <u>Booker</u>, 543 U.S. at 226. The court dismissed any claim Pleasant intended to bring under <u>Booker</u>, because <u>Booker</u>

Cir. 2018) (per curiam) (affirming district court's dismissal of § 2241 petition based on <u>Mathis</u> because <u>Mathis</u> was not deemed retroactively applicable on collateral review).

13

does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65, 66-67 (4th Cir. 2005).

In Pleasant's Rule 59(e) motion referring to Booker, he reiterates his assertion that burglary under Virginia law no longer counts as a crime of violence for purposes of sentence enhancement under the ACCA and then says that the authority applies retroactively on collateral review and that his career offender designation is erroneous. Pleasant's arguments regarding the Virginia burglary statute and his designation as a career offender were addressed elsewhere in the memorandum opinion and nothing in his motion disturbs the court's finding that Booker offers him no relief because it is not retroactively applicable on collateral review. His motion for reconsideration is denied as to his Booker claim.

### E. Objection to Finding on § 924(c) Claim

In his § 2241 petition, Pleasant asserted that he was entitled to have the court vacate his 18 U.S.C. § 924(c) convictions because they were premised on a definition of crime of violence that was unconstitutionally vague. The court construed the claim as a challenge to his convictions based on United States v. Simms, 914 F.3d 229 (4th Cir. 2019) and United States v. Davis, 139 S.Ct. 2319 (2019). The court dismissed the claim, finding that Pleasant could not bring it in his § 2241 petition because it was a constitutional rather than statutory claim, meaning he could seek permission from the Fourth Circuit Court of Appeals to bring a second or successive claim under § 2255(h)(2).

In his motion for reconsideration, Pleasant argues that his § 924(c) convictions amount to a miscarriage of justice and that it would be fruitless for him to attack his conviction in the sentencing court. Neither of these arguments presents a reason for the court to alter its

14

determination that it does not have jurisdiction to address Pleasant's claim in the § 2241 petition. Accordingly, Pleasant's motion for reconsideration is denied as to his § 924(c) claim.

### F. Ineffective Assistance of Counsel

Pleasant alleged in his § 2241 petition that he was denied effective assistance of counsel when he sought relief in the sentencing court based on Johnson. The court dismissed his claim, noting that prisoners do not have a constitutional right to representation in habeas proceedings, citing Finley, 481 U.S. at 555, and that even if he did have a constitutional right, the claim could not satisfy the second or third prong of Wheeler or Jones.

In his motion for reconsideration, Pleasant argues that he has pending in the United States District Court for the Eastern District of Virginia a motion for relief pursuant to 28 U.S.C. § 2254 and based on that, he should have been appointed counsel. This argument does not provide a basis for reconsideration of the court's earlier determination that his ineffective assistance of counsel claim should have been dismissed.

### G. Speedy Trial Act

Pleasant raised a claim based on the Speedy Trial Act in his § 2241 petition. He had raised the claim previously in a § 2255 petition in the sentencing court and that court had denied it. In his § 2241 petition, he claimed that he had new evidence pertaining to the claim. This court found that assuming the new evidence was true, it would not have affected the analysis of the sentencing court. In addition, the court found that the claim did not meet the second or third prongs of Wheeler or Jones and thus was not cognizable in a § 2241 motion.

15

In his motion for reconsideration, Pleasant reiterates the arguments he made in his § 2241 petition but offers no grounds that would entitle him to relief under Rule 59(e). Accordingly, the court denies his motion as it pertains to his Speedy Trial Act claim.

### H. Remaining Claims

Pleasant seeks reconsideration of the court's dismissal of his claims based on the Interstate Agreement on Detainers Act, the Equal Protection Clause of the Constitution, Project Exile, and the nunc pro tunc designation he seeks that would allow the prison facility where he served his state court sentences to serve as the facility where he served part of his federal sentence. However, Pleasant does not meet the Rule 59(e) criteria for any of these claims in that he does not describe an intervening change in controlling law, describe new evidence not available when he filed his first motion, describe a clear error of law in the court's dismissal opinion, or describe how granting his motion will prevent manifest injustice. Accordingly, the court denies his motion for reconsideration on these claims.

## IV. CONCLUSION

Based on the foregoing, the court finds that there is no basis for altering or amending its prior determination that it did not have jurisdiction to hear Pleasant's claims in this § 2241 petition. Accordingly, the court **DENIES** Pleasant's motions for reconsideration, ECF Nos. 28, 29, and also **DENIES** his motion for appointment of counsel, ECF No. 33.

An appropriate order will be issued.

It is so **ORDERED**.

Entered:   JANUARY 11, 2021

Michael F. Urbanski
Chief United States District Judge